IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:11-cr-60135-AA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| EDUARDO BOCANEGRA-MOSQUEDA, | |
| Defendant. | |

AIKEN, Chief Judge:

Defendant seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 of the United States Sentencing Guidelines (USSG). Defendant's motion is denied.

**DISCUSSION**

On June 19, 2013, defendant was convicted of possession with intent to distribute 50 grams or more of methamphetamine. Under the USSG, his total offense level (after reductions for safety valve

1 - OPINION AND ORDER

and acceptance of responsibility) was 29 and his criminal history category was I, resulting in a guideline sentencing range of 87 to 108 months. However, the court granted defendant's request for a sentence outside the advisory guideline range and imposed a sentence of 70 months; this sentence corresponds with an offense level of either 26 or 27.

Amendment 782 reduces most base offense levels on the § 2D1.1 Drug Quantity Table by two levels, and Amendment 788 authorized retroactive application of Amendment 782. Application of Amendment 782 reduces defendant's total offense level from 29 to 27, with an amended guideline range of 70 to 87 months. Defendant argues that he is eligible for an additional two-level reduction to account for the downward variance the court allowed at sentencing. With an additional two-level reduction, defendant's offense level would be 25 and the guideline sentencing range would be 57 to 71 months. Defendant requests a sentence of 57 months.

The government opposes defendant's motion, because his 70-month original sentence is already at the low end of the amended guideline range of 70-87 months. Under USSG § 1B1.10(b)(2)(A), "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." USSG § 1B1.10(b)(2)(A); see also id. at n. 3. Under 18 U.S.C. § 3582(c)(2), a reduction in

sentence is permitted only when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." See also Dillon v. United States, 560 U.S. 817, 819 (2010) ("Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission."). Thus, defendant's request is inconsistent with USSG § 1B1.10(b)(2), and the court lacks the authority to grant the reduction in sentence sought by defendant. See United States v. Parker, 617 Fed. Appx. 806 (9th Cir. Sept. 25, 2015) ("The district court properly concluded that Parker is ineligible for a sentence reduction because her sentence is already below the amended Guidelines range, and the government did not file a motion for substantial assistance.")[1]; United States v. Munguia Diaz, 606 Fed. Appx. 385, 386 (9th Cir. June 30, 2015) ("Because Munguia-Diaz's 144-month sentence is lower than the bottom of the new sentencing range, he is not eligible for a reduction.").

Defendant nevertheless argues that § 1B1.10(b)(2) violates the Equal Protection Clause by denying defendants who received downward variances from obtaining the benefit of Amendment 782, thus treating them differently from defendants who did not receive downward variances. Defendant argues that no rational basis supports this distinction, as the Sentencing Commission is essentially allowing "more dangerous and less deserving" offenders

---

[1] Defendant's request does not does not fall under the substantial assistance exception. USSG § 1B1.10(b)(2)(B).

to gain the "full" benefit of Amendment 782. Def.'s Mem. 12-13 (doc. 48). I disagree.

Defendant's argument rests on two presumptions, neither of which is accurate or supported by the record. First, defendant assumes that all other defendants who did not receive downward variances at their original sentencing hearings are "more dangerous and less deserving" than defendants who did. However, defendant presents no evidence or data to support this rather broad assertion; indeed, many factors may influence a judge's decision to impose a downward variance, including the circumstances and seriousness of the offense, adequate deterrence, and the need for education training, medical care, or other treatment. See 18 U.S.C. § 3553(a). Second, defendant's argument and ultimate request for 57 months assumes that the court would have granted the exact same downward variance had defendant's total offense level been 27 instead of 29 at the time of sentencing, an assumption that is not necessarily accurate.

Regardless, however, defendant's Equal Protection argument fails for the simple reason that a rational basis exists to support the policy articulated in § 1B1.10(b). See United States v. Navarro, 800 F.3d 1104, 1113 (9th Cir. 2015) ("When the Commission enacts Guidelines treating one class of offenders differently from another, equal protection generally requires that the classification be "rationally related to a legitimate government

interest.").[2] Here, the reasons underlying § 1B1.10(b)(2)(A) - avoiding undue litigation and complexity, promoting uniformity in sentencing, and preventing an unintended windfall to defendants - survives rational basis scrutiny. United States v. Davis, 739 F.3d 1222, 1226 (9th Cir. 2014) (explaining reasons underlying § 1B1.10(b) when upholding the Sentencing Commission's authority to implement it). I find nothing unconstitutional about the Sentencing Commission's policy.

Accordingly, defendant's amended motion for reduction of sentence (doc. 40) is DENIED.

IT IS SO ORDERED.

Dated this 11th day of December, 2015.

Ann Aiken
United States District Judge

---

[2] I find that the appropriate level of scrutiny is rational basis; defendant does not have a fundamental right to a lower sentence in this circumstance and he does not identify a suspect classification. Dillon, 560 U.S. at 828; United States v. Johnson, 626 F.3d 1085, 1088 (9th Cir. 2010) (applying rational basis standard "to equal protection challenges to the Sentencing Guidelines based on a comparison of allegedly disparate sentences").